1

2

3

4

5

6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

7

8

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:07-CV-398-BES (RAM) |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF U.S. MAGISTRATE JUDGE** |
| WILLIAM F. HORNE, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

14        This Report and Recommendation is made to the Honorable Brian E. Sandoval, United

15   States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant

16   to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

17        Before the court is the United States' Petition to Enforce IRS Summonses (Doc. #1).

18   The Respondent has opposed the Petition (Doc. #8) and the Petitioner has replied (Doc. #12).

19                                    **BACKGROUND**

20        The Petitioner seeks an order from the court compelling Respondent William F. Horne

21   (Horne) to comply with two summonses that were served on him individually and as

22   President of Carson Mail Depot on April 5, 2007.  The IRS is conducting an investigation

23   pursuant to 26 U.S.C. § 6700 to determine if Horne and/or Carson Mail Depot promoted

24   corporations sole or other abusive tax schemes.  Carson Mail Depot is the resident agent for

25   at least thirty two (32) corporations sole in the State of Nevada.  A corporation sole is an entity

26   formed by a tax payer which is purportedly tax exempt and would render the tax payer's

27   income tax exempt.  The IRS has identified corporations sole as a possible avenue for tax

28   evasion.

1    In furtherance of the investigation Revenue Agent Gwen I. Ballard issued and properly

2    served two summonses both directed toward Horne as an individual and as President of

3    Carson Mail Depot.  Each summons sets forth sixteen categories of documents to be produced.

4    Although Horne responded to the summonses by letter to Agent Ballard dated May 3, 2007,

5    no documents have been produced.  In that letter Mr. Horne, in essence, objected to items

6    1, 2, 10 and 14 and stated that none of the other documents existed.  At the hearing of this

7    Petition, the Petitioner admitted that it was only interested in the documents identified in

8    items 1 and 2 which are essentially Horne's customer or client list and information

9    surrounding that list.

10    Respondent objects to the summonses on the grounds that the purpose of the

11    investigation is not legitimate, Agent Ballard's declaration is false and misleading, the

12    documents sought are either constructively or actually in the possession of the IRS, and that

13    the summonses are overbroad.

14    Initially, both parties agree that the standards by which a third party summons may

15    be enforced is enunciated in *United States v. Powell*, 379 U.S. 48 (1964).  In order to show that

16    a third party summons maybe enforced, *Powell* requires that the IRS establish that the

17    summons (1) was issued for a legitimate purpose, (2) seeks information relevant to that

18    purpose, (3) seeks information that is not already within the Internal Revenue Service's

19    possession, and (4) satisfies all administrative steps required by the United States Code.

20    *Powell*, 379 U.S. at 57-58.

21    To obtain enforcement of a summons the government must first establish its "good

22    faith" by meeting the four *Powell* requirements set out above.  "The government's burden is

23    'a slight one'  and typically is satisfied by the introduction of the sworn declaration of the

24    revenue agent who issued the summons that the *Powell* requirements have been met."

25    (citations omitted) *Fortney v. US*, 59 F.3d 117, 120 (9th Cir. 1995) "once a *prima facie* case is made

26    a 'heavy' burden is placed on the tax payer to show an 'abusive process' or 'the lack of

27    institutional good faith.'" *Id*.

28

1    Respondent has failed to meet to meet his "heavy burden" of showing that the *Powell*

2    requirements have not been met. Respondent has not set forth specific facts or evidence, other

3    than his self serving declaration, to show that the IRS investigation is not legitimate. Agent

4    Ballard's declaration shows the legitimacy of the investigation and Respondent has simply

5    presented nothing to the contrary.

6    Respondent has also failed to establish that Agent Ballard's declaration is false and

7    misleading. Respondent claims the statement in the declaration that Carson Mail Depot

8    formed 32 corporations sole in Nevada in false. Respondent is a resident agent for those

9    corporations sole and, as such, is required to file "a certificate of acceptance of appointment

10   by the resident agent" along with the articles of incorporation.  N.R.S. § 84.020. Respondent

11   also attests that he provides incorporation services through the Carson Mail Depot. (Horne

12   decl. ¶ 2). Agent Ballard correctly states that Carson Mail Depot played a role in the

13   formation of corporations sole and Respondent has failed to meet his heavy burden of

14   establishing otherwise.

15   Respondent asserts that the IRS should already be in possession of the summoned

16   documents because they are public records in the Nevada Secretary of State's office. Even

17   if the IRS obtained the records from the Nevada Secretary of State, the records summoned

18   from Respondent contain much more and different information that the IRS is entitled to

19   inspect. The information contained in Respondent's records is not available to the IRS

20   through public records and again Respondent has failed to meet his heavy burden of

21   establishing the contrary. As to Respondent's contention that the summonses are overbroad,

22   the IRS has agreed that Respondent need only produce documents responsive to items 1 and

23   2 on the attachment to the summons. As such, Respondent's overbreadth argument fails.

24                                              **CONCLUSION**

25   Petitioner has met its "slight burden" and established a *prima facie* case for the

26   enforcement of the summonses issued in this case and that it has complied with the *Powell*

27   requirements. Respondent has failed in his "heavy burden" to establish that the *Powell*

28                                                    3

1   requirements were not met.   Accordingly, the United States' Petition to Enforce IRS

2   Summonses (Doc. #1) should be granted.

3                                          **RECOMMENDATION**

4        **IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **GRANTING**

5   the United States' Petition to Enforce IRS Summonses (Doc. #1).

6        DATED:   February 22, 2008.

7

8                             UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28